Catron, Ch J.
In this case, the wife registered her name, and claimed a reservation of a mile square.
West is a white man, his wife half Indian; they resided for many years on a farm very substantially improved for Cherokee people, and had a large family of children. The plantation lies near Tellico Plains; the place claimed, and in controversy, some 12 or 15 miles ofE Neither West, his wife, or any part ofhis family, ever resided onit.
Some time during the year 1819, a man was employed by West to make an improvement on the land in controversy; the body of a cabin was put up, and this claimed to give locality to the land, and a vested right under the treaty to the wife of West. They continued to reside on their plantation near Tellico until some time in 1821, when they rented it, and removed to the Cherokee nation, within the chartered limits of Georgia, where they have since resided. After they had thus removed, West sold out to Nicholas Peck for $500, and this suit was brought against Don oho, who claimed under the state.
Much argument has been heard on the head of abandonment; there are no premises to raise such a point; the reservee never was in the occupancy of the land .claimed, and therefore could not abandon or quit the possession.
This cause presents the question, whether occupancy in person by the reservee at any time before, at, or after malting the treaty of 1819, was necessary to communi-cate_title. It is the first tíme I ever heard the necessity *447 doubted. The decision in the case of Grubb, at the time declaring his title forfeited, is to my mind conclusive upon this point. Why was his forfeited? Because he abandoned the possession by him holden on the first of January 1820. In his case before the court at a previous term, and that of Morgan, it was decided, that the taking possession before the first January 1820, was a compliance with the treaty, and vested the right.
In Grubb’s case at this term, it was decided that his abandoning the possession after the first of January 1820, forfeited to the State that vested right; of course the right depended upon his previous actual occupancy; and Mrs. West, never having ocupied, has no right. This is shown by her own proof, and would have been so adjudged, had the evidence been demurred to and submitted to the court.
Again, in the case of Mouse Pain, it was decided by Peck and Catron, judges, that the improvement and residence of the reservee gave locality to the land, and severed it by force of the treaty from the common property of the nation. In former cases, the idea that actual residence on the part of the reservee was not necessary, never occurred to counsel or the court. I am clearly of opinion that no title ever vested in Mrs. West, and therefore the judgment must be affirmed.
Gkeen, J.
In this case the counsel for plaintiffs admit, nay contend, that the registry on the agent’s book, so far as it designates the place intended to be appropriated, is entitled to no consideration; that the treaties do not contemplate such designation of the place, and that in doing so, the act was one of supererogation on the part of the agent, and was to be regarded as though it had not been done. With this position I concur. What then was necessary to give locality to the 640 acres of land granted to each head of an Indian family by the treaty? There must be something to designate and fix *448 the spot, and give notice of such appropriation, to those who might subsequently be entitled to appropriate the vacant land. To do this, the treaty contemplated a residence on the place. When there was such residence, the name of the party having been registered for a reservation, and the treaty declaring that such party should have 640 acres of land to include his improvement as near the centre as may be, ample notice would be afforded, of the place appropriated, to all others; without this residence there could be no appropriation; for no means of designation, other than “to include the improvement,” is given. The lessors of the plaintiff in this case never did live on the place in dispute, but resided ten or fifteen miles from it, where they had a good house and plantation. Suppose the registry had said nothing about the place, as the counsel for the plaintiffs insist it ought not, would not all men have been led, by the registration of the name, by the treaty providing for “including the improvement,” and by the continued residence at Tellico Plains, to have concluded that Tel-lico Plains was the place appropriated? I think so; and my judgment is, that the place at Tellico Plains is the one which was appropriated, if Mrs. West had a right to a reservation; which it is not now necessary to decide.
Judgment affirmed.
Whyte, J. delivered no opinion.
Peck, J. did not sit.